UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDYN RIDGEWAY and TIM SMITH, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>NABORS COMPLETION & PRODUCTION SERVICES CO., et al.<br><br>            Defendants. | Case No. 15-cv-3436-DDP-JPR<br><br>**ORDER RE: STATUS OF PLAINTIFFS' PAGA CLAIM** |

     Having considered the parties' submissions and heard oral argument, the court adopts the following order to resolve the parties' dispute concerning the status of Plaintiffs' claim under California's Private Attorneys General Act, Cal. Lab. Code § 2699, ("PAGA").

**I.     BACKGROUND**

The court assumes the parties' familiarity with the factual background of this action, which has been recounted in a prior Order. (*See* Dkt. 49.) As relevant here, Plaintiffs Brandyn Ridgeway and Tim Smith signed an arbitration agreement with their former employer, Defendant Nabors Completion and Production Services ("Nabors"). (Dkt. 28-3.) Subsequently, Plaintiffs brought suit, alleging that Nabors failed to pay prevailing wages for public works and failed to provide accurate wage statements. (*See* First Am. Compl., Dkt. 21.) Plaintiffs' Complaint contains individual wage-and-hour claims as well as a PAGA claim.[1] (*Id.*)

Defendants filed motions to compel arbitration. (Dkts. 26, 29.) This court concluded that the arbitration agreement was unenforceable due to procedural and substantive unconscionability. (Dkt. 49.) The Ninth Circuit reversed, holding that the agreement was generally enforceable, with the exception of several discovery provisions that were severed. *See Ridgeway v. Nabors Completion & Prod. Servs. Co.*, 725 F. App'x 472, 474 (9th Cir. 2018). The Circuit also invalidated an amendment to the arbitration agreement, which required Plaintiffs to waive their PAGA claim. *Id.*

The Ninth Circuit directed this court on remand to "consider the limited issue of whether to certify Plaintiffs' PAGA claims" pursuant to Section 4(C) of the arbitration agreement. *Id.* Section 4(C) reads, in relevant part:

> The court will decide whether the Dispute should proceed on a consolidated, class, collective or other representative basis and, if so, will define the scope of the class. None of the foregoing determinations shall be submitted to the arbitrator, and in no event shall the arbitrator have the power to determine class, collective or representative action certification. . . The arbitrator shall determine questions of liability to or of the class as a whole and remedies

---

[1] Although the FAC names multiple defendants, the PAGA claim is pled against Defendant Nabors only. The other defendants are Tidelands Oil Production Company and the City of Long Beach, and the sole cause of action asserted against them is for declaratory relief.

2

available to or from the class as a whole. The arbitrator shall also decide the relief, if any, to which a party or class member may be entitled individually. If the court, however, ultimately denies a party's request to proceed on a consolidated, class, collective, or representative basis, then that party's individual claim(s) shall still be subject to this Program and referable to arbitration pursuant to its terms. (Dkt. 28-3.)

The parties filed a joint status report and supplemental briefing, which state opposing views on how to interpret the Ninth Circuit's order. (Dkts. 99, 106-07.) Plaintiffs contend that this court must enforce Section 4(C) of the arbitration clause by "permit[ting] reasonable discovery as to the representative [PAGA] claim and set[ting] a date for briefing and hearing as to whether the PAGA claim 'should proceed on a consolidated, class, collective or other representative basis' and, if so, . . . 'define the scope of the class.'" (Dkt. 99 at 4.)

Defendant Nabors, on the other hand, contends that this court should refer all claims, including the PAGA claim, directly to arbitration. (*Id*. at 7.) If the court were to decline to do so, Nabors requests, in the alternative, that this action be stayed pending the resolution of Plaintiffs' and the putative PAGA class members' individual arbitrations. (*Id*. at 9.)

## II. DISCUSSION

The parties dispute how the action should proceed on remand in light of the Ninth Circuit's order. In particular, they disagree as to (1) whether the district court retains a gatekeeping role with respect to the PAGA claim, and (2) whether the PAGA claim should be stayed.

### A. Whether to Enforce Section 4(C) of the Arbitration Agreement

Plaintiffs propose that, consistent with the Ninth Circuit's order and Section 4(C) of the arbitration clause, this court determine the appropriateness and scope of a representative PAGA proceeding. The court agrees.

3

Defendant Nabors, conversely, argues that this court should not abide by the Ninth Circuit's directive because PAGA actions are not certified in the same way as Rule 23 class actions, and so the district court cannot "certify a PAGA class." (Dkt. 99 at 9.) Nabors' position, however is an extremely narrow reading of the Circuit's directive.

Specifically, Nabors argues that representative PAGA claims do not require Rule 23 certification. Yet that does not mean that the district court has no work left to do under Section 4(C). Rather, the district court must determine the appropriateness of a representative PAGA proceeding and, consistent with the terms of Section 4(C), "define the scope of the [PAGA] class" before allowing the arbitrator to decide liability issues. (Dkt. 28-3.) Moreover, it is evident from the Ninth Circuit's order that the instruction to determine "whether to certify a PAGA class," is shorthand for enforcing the terms of Section 4(C). *Ridgeway*, 725 F. App'x at 474.

Next, Nabors argues that Section 4(C) of the arbitration agreement divests this court of jurisdiction to make any "substantive determinations regarding Plaintiffs' PAGA claims—including those regarding discovery, manageability, or the size and scope of a PAGA 'class.'" (Dkt. 106 at 1.) Nabors' reading not only lacks textual support; it is contravened by the language of the agreement itself. Section 4(C) directs this court to "decide whether the Dispute should proceed on a consolidated, class, collective or other representative basis and . . . define the scope of the class." (Dkt. 28-3.) It further states that "[n]one of the foregoing determinations shall be submitted to the arbitrator." (*Id.*) As a result, Nabors' argument conflicts with the plain language of the agreement and the Ninth Circuit's directive to enforce that agreement.

The court further concludes that the issue of whether the PAGA claim is manageable is relevant to the court's decisionmaking under Section 4(C). Contrary to Nabors' position, the question of manageability is not one of the "questions of liability" exclusively reserved for the arbitrator under Section 4(C). (Dkt. 28-3.) Instead, the issue of manageability is necessary to this court's determination of whether the action "should

4

proceed" as a representative PAGA action, (*id*.), and properly within the purview of this court.

Therefore, in accordance with the Ninth Circuit's order and Section 4(C) of the arbitration agreement, the court will permit the parties to engage in reasonable discovery on the representative PAGA claim in order to discover facts concerning "the size, scope, and manageability" of that claim. (Dkt. 107 at 4.)

**B. Whether to Stay the Proceedings**

Defendant Nabors has also requested a stay pending the resolution of 93 individual JAMS arbitrations initiated by putative PAGA class members in April 2018. (Dkt. 99 at 3, 6.) Nabors speculates that the individual arbitrations might result in a conclusion that the named plaintiffs, and other putative plaintiffs, have no viable claim. Therefore, Nabors contends that it would conserve resources to stay this action pending the outcome of the 93 individual arbitrations, as well as Plaintiffs' individual arbitrations.

The court finds it would be premature to stay this action because it is unknown whether any of the 93 individuals would fall within the scope of a future PAGA class, or even whether a PAGA class would be approved by this court. Moreover, Nabors has represented that the 93 individual arbitrations are currently subject to a bankruptcy stay. (Dkt. 99 at 10.) In light of these circumstances, the court finds that a stay pending the outcome of the individual arbitrations is unnecessary and likely to cause undue delay.

Nabors cites to a string of cases where district courts have exercised their discretion to stay representative PAGA claims pending the resolution of individual arbitrations. (Dkt. 99 at 9.) *See, e.g.*, *Galvan v. Michael Kors USA Holdings, Inc.*, 2017 WL 253985 (C.D. Cal. Jan. 19, 2017); *Alvarez v. AutoZone, Inc.*, 2015 WL 13427751, at *2 (C.D. Cal. July 8, 2015). In those cases, courts exercised the discretion to stay entire actions when both arbitrable and non-arbitrable claims were at issue. Here, all the claims are arbitrable, and the district court's brief intervention in deciding the scope of the PAGA claim is made in aid of eventual arbitration. As a result, those cases do not squarely apply

5

here. The cases are also distinguishable because they involve situations where a PAGA claim was stayed pending the outcome of one individual arbitration, whereas Nabors has requested a stay pending the resolution of at least 93 arbitrations for individuals who may not be part of a future PAGA class.

Finally, Nabors suggests that this action is subject to a bankruptcy stay. (Dkt. 99 at 10.) However, Plaintiffs have presented a copy of the bankruptcy order, in which the bankruptcy court expressly excluded the present litigation from the scope of its stay. The order, issued in February 2017, reads:

> Brandyn Ridgeway and Tim Smith. . . on behalf of themselves and all non-exempt workers currently or formerly employed by Nabors. . . within the State of California performing work in the West Wilmington Oil Fields in execution of a contract or contracts between the City of Long Beach and Tidelands Oil Production Co. . . shall be permitted to proceed to trial and judgment on or settlement of the litigation . . currently pending in the Central District of California." (Dkt. 99-1.)

As a result, the court is free to proceed apace with the resolution of Plaintiffs' PAGA claim.

However, the court does not agree with Plaintiffs that it must decide the appropriateness and scope of the PAGA class first, before sending Plaintiffs' individual, non-PAGA claims to arbitration. Plaintiffs counter that language in Section 4(C) requires the court to decide the viability and scope of the PAGA claim *before* sending Plaintiffs' individual, non-PAGA claims to arbitration. This language reads:

> If the court, however, ultimately denies a party's request to proceed on a consolidated, class, collective or representative basis, then that party's individual claim(s) shall still be subject to this program and referable to arbitration pursuant to its terms. (Dkt. 28-3.)

Considered in context, this sentence clarifies that individual claims, regardless of the court's decision on the representative claims, will "still" be sent to arbitration. (*Id*.) The language does not impose a temporal requirement on when the

6

individual claims are sent to arbitration. Because Section 4(C) indicates that all individual claims must eventually be arbitrated, the court sees no reason to postpone the arbitration of Plaintiffs' individual, non-PAGA claims.

## III. CONCLUSION

For the reasons stated above, the court orders the parties to meet and confer and jointly propose dates for discovery, briefing, and a hearing on the appropriateness and scope of Plaintiffs' representative PAGA claim by Monday, August 6, 2018. In addition, pursuant to Section 4(C) of the arbitration agreement, Plaintiffs' individual, non-PAGA claims are dismissed.

**IT IS SO ORDERED.**

Dated: July 23, 2018

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE