Richard E. Donahoo, State Bar No. 186957
Sarah L. Kokonas, State Bar No. 262875
**DONAHOO & ASSOCIATES**
440 West First Street, Suite 101
Tustin, CA 92780
Telephone: (714) 953-1010
Facsimile: (714) 953-1777
Email: rdonahoo@donahoo.com
　　　　skokonas@donahoo.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDYN RIDGEWAY, et al.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NABORS COMPLETION & PRODUCTION SERVICES CO., a Delaware corporation; CITY OF LONG BEACH, a California municipality; TIDELANDS OIL PRODUCTION COMPANY, a business of unknown form, and DOES 1 through 200,<br><br>　　　　Defendants. | Case No.: 2:15−cv−03436−DDP−VBKx<br><br>District Judge: Dean D. Pregerson<br>Magistrate Judge: Victor B. Kenton<br><br>**PLAINTIFF TIM SMITH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM FINAL ARBITRATION AWARD, FOR FURTHER ATTORNEYS' FEES AND COSTS, AND TO ENTER JUDGMENT AGAINST NABORS COMPLETION & PRODUCTION SERVICES CO. N/K/A C&J WELL SERVICES, INC.**<br><br>Date:　June 14, 2021___<br>Time:　10:00 am<br>Dept.　3 |

## **TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................... 2

   A. PROCEDURAL HISTORY PRIOR TO THE ARBITRATION ........................... 2

   B. PLAINTIFF'S ARBITRATION ................................................................ 4

      1. THE ARBITRATOR ISSUED ITS RULING DENYING SUMMARY JUDGMENT/ADJUDICATION ................................................................ 4

      2. IN THE ARBITRATION HEARING RULED IN FAVOR OF CLAIMANT ... 5

      3. THE ARBITRATOR ISSUED ITS RULING ENTITLING CLAIMANT TO RECOVERY OF REASONABLE ATTORNEY'S FEES AND COSTS .................... 5

      4. THE ARBITRATOR AWARDED REASONABLE ATTORNEYS' FEES AND COSTS IN THE FINAL AWARD ................................................................ 5

   C. THE ARBITRATOR'S RULING IS CONSISTENT WITH OTHER ARBITRATORS' RULINGS ON THE SAME LIABILITY ISSUE ........................... 7

III. THE COURT SHOULD CONFIRM THE FINAL AWARD AND ENTER JUDGMENT ................................................................................................. 8

IV. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES INCURRED IN PREPARING THE INSTANT PETITION ................................................................ 11

V. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Armendariz v. Foundation Health Psychcare Services, Inc.*
  (2000) 24 Cal.4th 83 ................................................................................... 11, 12

*Biller v. Toyota Motor Corp.*
  (9th Cir. 2012) 668 F.3d 655 ............................................................................. 9

*Bosack v. Soward*
  (9th Cir. 2009) 586 F.3d 1096 ......................................................................... 10

*Broughton v. Cigna Healthplans*
  (1999) 21 Cal.4th 1066 .................................................................................... 12

*DeMartini v. Johns*
  (9th Cir. June 7, 2017) 693 F. App'x 534 .......................................................... 8

*First Options of Chicago, Inc. v. Kaplan*
  (1995) 514 U.S. 938 ........................................................................................... 8

*Hall St. Assoc., LLC v. Mattel, Inc.*
  (2008) 552 U.S. 576 ........................................................................................... 9

*Kirby v. Immoos Fire Protection, Inc.*
  (2012) 53 Cal. 4th 1244 ................................................................................... 11

*Kyocera Corp v. Prudential-Bache Trade Serv. Inc.*
  (9th Cir. 2003) 341 F.3d 987 ............................................................................. 9

*Ling v. P.F. Chang's China Bistro, Inc.*
  (2016) 245 Cal. App. 4th 1242 ........................................................................ 11

*Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*
  (9th Cir. 1995) 44 F.3d 826 ............................................................................... 9

*Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*
  (9th Cir. 1996) 84 F.3d 1186 ............................................................................. 8

**Statutes**

Labor Code § 226(a) ............................................................................................. 11

Labor Code § 226(e) .................................................................................... 1, 5, 11, 12

Labor Code § 1771 .................................................................................................. 5, 11

Labor Code § 1774 .................................................................................................. 5, 11

Labor Code § 1194 ....................................................................................................... 11

Labor Code § 1194(a) ........................................................................................... 5, 11, 12

Labor Code § 2699 ........................................................................................................... 2

**Other Authorities**

9 U.S. Code § 9 ............................................................................................................... 8

9 U.S. Code § 10 ............................................................................................................. 9

9 U.S. Code § 10(a)(1) – (4) ........................................................................................... 8

9 U.S. Code § 11 ............................................................................................................. 9

9 U.S. Code § 11(a) – (c) ................................................................................................ 9

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This petition seeks to confirm an arbitration award after this Court enforced defendant's arbitration agreement. On July 23, 2018, after the Ninth Circuit reversed this Court with instructions, this Court enforced Defendant Nabors' Arbitration Agreement and dismissed plaintiffs Brandyn Ridgeway and Tim Smith's individual non-PAGA claims against defendant NABORS COMPLETION & PRODUCTION SERVICES CO. n/k/a C&J WELL SERVICES, INC. ("Nabors"), thus dismissing Ridgeway and Smith's putative class action [ECF 109].

Plaintiff Tim Smith brought a demand for arbitration on July 27, 2018 before JAMS. Joel M. Grossman, Esq. (the "Arbitrator") was selected as Arbitrator pursuant to JAMS rank and strike procedures. Arbitration commenced January 9, 2019. After 24 months of further litigation, including cross motions for summary adjudication of liability, the Arbitrator conducted a six-day hearing on liability of damages and derivative claims. Plaintiff prevailed on the majority of claims and was awarded damages. Plaintiff was awarded $207,660.43 in wages, $157,549.20 in prejudgment interest thru October 19, 2020, and continuing at $59.89 per day, and $6,862.36 in statutory penalties under California Labor Code §226(e). (*See* Declaration of Richard E. Donahoo ("Donahoo") ¶22, **Exhibit H**) Further proceedings were heard relating to Plaintiff's claim for attorney's fees. The Arbitrator reduced the amount sought but awarded $304,534.80 in attorneys' fees and $6,862.36 in costs. The Arbitrator issued his written rulings in a Final Award. (the "Final Award"). (Donahoo, ¶23, **Exhibit I**).

Counsel for the parties met and conferred pursuant to Local Rule 7-3 regarding this petition on May 5, 2021. (Donahoo ¶48).

Pursuant to section 9 of the Federal Arbitration Act, this Court should confirm the Final Award and enter judgment in favor of Plaintiff.

1

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. PROCEDURAL HISTORY PRIOR TO THE ARBITRATION

Beginning in November 2014, Claimant's counsel began investigation of claims by former Nabors workers who performed work on the Gerald Desmond Bridge (GDB) project in Long Beach. Counsel determined that there were legally sufficient grounds for pursuing an action against Nabors. (Donahoo ¶2). On April 2, 2015 Ridgeway and Tim Smith filed suit in Los Angeles Superior Court against Nabors to recover their unpaid wages and for other Labor Code violations, for themselves and as a class action for similarly situated employees. (Donahoo ¶3). In addition to Nabors, Ridgeway and Smith named the City of Long Beach and Tidelands Oil Production Company as defendants in the putative class action, under a cause of action for declaratory relief. (Donahoo ¶4).

Nabors removed the action to federal court. (Donahoo ¶5). On May 8, 2015 Ridgeway filed and served a formal notice of intent to bring additional non-class claims under Cal. Labor Code §2699 et seq., California's Private Attorneys' General Act ("PAGA"). (Id.) Ridgeway thereafter amended the complaint, adding a cause of action for civil penalties under PAGA on behalf of aggrieved employees under PAGA. (Id.) Nabors and the City of Long Beach and Tidelands brought separate motions to compel individual arbitrations and to dismiss all claims, including claims under PAGA. (Donahoo, ¶6). Ridgeway and Smith opposed the motions. After lengthy briefing Ridgeway and Smith prevailed when this Court ruled the Nabors arbitration agreement was unenforceable. (Id.)

Nabors and the City of Long Beach appealed the denial of their respective motions to the Ninth Circuit Court of Appeals. (Donahoo ¶7). Nabors and the City also filed a contested motion to stay the federal court action at the district court. (Id.)

During the pendency of the appeal, on or about July 2016, Nabors filed for bankruptcy protection in Houston, Texas in the United States Bankruptcy Court in the Southern District of Texas. (Donahoo ¶8). The filing of the bankruptcy stayed proceedings

in the district court and Ninth Circuit. Both Ridgeway and Smith filed claims in the bankruptcy. (Id.) On behalf of its clients Claimant's counsel retained Texas bankruptcy counsel in Houston, Texas. (Id.)

After Nabors' parent company agreed to indemnify Nabors for claims, on December 22, 2016 Ridgeway and Smith filed a motion for relief from the automatic bankruptcy stay in the bankruptcy court. (Donahoo ¶9). In January and February 2017, with the assistance of Texas bankruptcy counsel, Claimant's counsel negotiated an Agreed Upon Order with bankruptcy counsel granting relief from the bankruptcy stay. ("2017 Agreed Order") (Donahoo ¶10; **Exhibit A**). Once the order was entered and the automatic stay was lifted, the litigation in the district court and Ninth Circuit continued. (Donahoo ¶11). Over the course of 2017 Plaintiffs' counsel litigated against Nabors and the City of Long Beach in the appeals pending at the Ninth Circuit and in this Court concerning the PAGA claims. (Id.).

In February 2018 the Ninth Circuit ruled and reversed and remanded with instructions to this Court to enforce the Nabors' arbitration agreement, an agreement that included a class action waiver. (Donahoo ¶12; **Exhibit B**). Smith's individual claims, not including the PAGA claims, were thereafter filed at JAMS in a JAMS Demand for Arbitration. (Donahoo ¶13; **Exhibit C**). Plaintiff's Arbitration Agreement and acknowledgement is attached thereto with Plaintiff's declaration in support thereof. *See* Exhibit C, pp. 19 – 43. The Arbitrator, Joel M. Grossman, Esq., was appointed shortly thereafter. (Donahoo ¶14, **Exhibit D**).

While the arbitration commenced, the litigation of the PAGA claims continued in this Court with discovery and significant law and motion practice concerning the PAGA claims. In a May 2018 filing in this Court, Nabors asserted that Ridgeway and Smith claims, including the PAGA claims, were barred under the bankruptcy Plan of Reorganization, despite the 2017 Agreed Order. (Donahoo ¶15). Later in 2018 Nabors filed an answering statement in Plaintiff's JAMS arbitration that included, as an affirmative

SMITH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT

defense, that Smith's claims were "barred under the bankruptcy Plan of Reorganization," despite the 2017 Agreed Order granting relief from stay in the bankruptcy. (Nabors Answering Statement filed 8/17/2018) (Id., **Exhibit E**).

In 2018 Nabors filed further objections in the bankruptcy court objecting to Smith's claims proceeding in arbitration despite the 2017 Agreed Order that permitted the claims to proceed. (Donahoo ¶16). Nabors argued Ridgeway could not proceed with any of the PAGA claims. (Id.) The Arbitration commenced in January 2019 and the Arbitrator was appointed in February 2019. (Donahoo, ¶17).

Faced with Nabors' continued attempt to deny Claimant's claim and Nabors' objections based on the bankruptcy order, in 2019 Ridgeway and Smith returned to the bankruptcy court moving for clarification of the 2017 Agreed Order issued by the bankruptcy court. (Donahoo ¶ 18). Smith sought an order permitting his claims to proceed, both in the pending JAMS arbitration and his PAGA claims proceeding in this Court. (Id.) Nabors filed a cross-motion seeking to have the bankruptcy court sustain its objection to Ridgeway and Smith's claims including the PAGA claims. (Id.) In a hearing July 16, 2019 the bankruptcy court granted-in-part and denied-in-part the parties' motions, ruling that Ridgeway and Smith could proceed with their individual claims in arbitration but that Ridgeway could not proceed with his PAGA claims. (Id., **Exhibit F**).

### B. PLAINTIFF'S ARBITRATION

Thereafter in 2019, this matter was subsequently set for hearing in binding arbitration under JAMS. (Donahoo ¶19). Both sides indicated an intent to pursue summary judgment or adjudication. (Id.)

#### 1. THE ARBITRATOR ISSUED ITS RULING DENYING SUMMARY JUDGMENT/ADJUDICATION

On June 29, 2020 the parties filed cross-motions for summary judgment or adjudication. (Donahoo ¶20). Presenting lengthy submissions and extensive documents and other evidence, both sides argued that there were no triable issues of fact as to liability.

(Id.) Claimant claimed liability was present under the Labor Code (Labor Code §§1194(a), 1771, 1774). Nabors claimed it was entitled to judgment as a matter of law. (Id.) On August 17, 2020 this Arbitrator denied Nabors' motion and denied Claimant's motion triable issues of fact. (Id., **Exhibit G**)

### 2. IN THE ARBITRATION HEARING RULED IN FAVOR OF CLAIMANT

The matter proceeded in a 6-day arbitration. Following a six-day "Zoom" arbitration hearing on liability and damages, on December 14, 2020, the Arbitrator ruled in favor of Smith and issued an Interim Award, finding that Smith was entitled to prevailing wages, statutory interest, and penalties under California Labor Code § 226(e). (Donahoo ¶21, **Exhibit H**). Specifically, Plaintiff was awarded $ 207,660.43 in wages, prejudgment interest in the amount of $157,549.20 thru October 19, 2020, and continuing at $56.89 per day, and $4,000.00 in statutory penalties under California Labor Code §226(e). (Id.)(**Exhibit H**)

### 3. THE ARBITRATOR ISSUED ITS RULING ENTITLING CLAIMANT TO RECOVERY OF REASONABLE ATTORNEY'S FEES AND COSTS

Under Phase 1 of the hearing on liability and damages, the Arbitrator ruled on the eligibility, but not the amount, of attorneys' fees to be awarded. Nabors did not contest that if Smith prevailed on his claim that attorneys' fees would be available. In its Interim Award ruling on liability and damages in favor of the Claimant, the Arbitrator also ruled that Claimant's counsel is entitled to attorneys' fees and costs to be determined in Phase 2 of the Arbitration. (Donahoo ¶ 22, **Exhibit H**, p. 14).

### 4. THE ARBITRATOR AWARDED REASONABLE ATTORNEYS' FEES AND COSTS IN THE FINAL AWARD

On February 17, 2021, Claimant filed his Motion to Set Amount of Attorney's Fees and Costs. (Donahoo, ¶23). Nabors filed its opposition to Smith's motion on March 22, 2021, and Smith filed his reply to the opposition on April 2, 2021. (Id.) The Arbitrator issued its ruling through a Final Award on May 3, 2021, concluding Phase 2 of the

arbitration, granting Smith's motion and awarded $304,534.80 in attorneys' fees and $6,862.36 in costs. (Id., **Exhibit I**).

The attorneys' fee award represented a substantial reduction from the amount sought. Through the motion, Claimant initially sought $1,965,425 of attorneys' fees (based on a 2.0 lodestar multiplier) and costs of $52,476.55. The lodestar was calculated as $954,860.17 for legal services provided by Donahoo & Associates ("Donahoo") and $55,705 for the bankruptcy firm Shannon, Martin, Finkelstein ("SMF"). Smith requested a multiplier of 2.0 for the Donahoo fees, but not the SMF fees, for a total of $1,965,425 in attorney's fees. (Donahoo ¶24).

However, Claimant in his reply brief on the motion reduced the attorneys' fees and costs requested in light of Arbitrator Hon. Rex Heeseman's award of attorneys' fees and costs in Brandyn Ridgeway's Arbitration. (Donahoo ¶25). In both arbitrations, Claimant's counsel sought all reasonable attorneys' fees and costs incurred in litigating Claimant's claims before the Superior Court, the U.S. District Court, Ninth Circuit Court of Appeals, all prior to Claimant's demand for arbitration ("Pre-Demand"). (Id.). These fees were recoverable under either Ridgeway's or Smith's motion for attorney's fees, and Claimant represented that he would reduce the fees requested if Arbitrator Hon. Heeseman were to award Pre-Demand attorneys' fees in the Ridgeway arbitration. (Id.). Following Hon. Heeseman's award, Claimant reduced the request to a lodestar of $719,449, with a multiplier of 2.0, for a total of $1,438,898 of attorneys' fees, and the modified request of $34,233.36 in costs. (Id.).

Although the Arbitrator awarded a significant amount of the lodestar, he cut billable hours spent prior to Plaintiff's demand for arbitration ("Pre-Demand") and billable hours spent during the arbitration. (Donahoo ¶26).

The Arbitrator denied counsel's request for the "Pre-Demand" hours based on his interpretation of Hon. Heeseman's ruling on that issue, stating that "much of the fees were incurred in matters such as the original class action, opposition to the motion to compel

SMITH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT

arbitration and the PAGA lawsuit," which "Smith and Ridgeway did not prevail in these matters," and therefore, "the fee request was properly reduced by Judge Heeseman." (Donahoo ¶27). On that basis, the Arbitrator limited his award only to fees and costs directly related to the Arbitration. (Id.).

Smith's fee request for time directly related to the Arbitration was a lodestar of $380,668.50. (Donahoo ¶28). The Arbitrator ultimately discounted the lodestar by twenty (20) percent for a total award of $304,534.80. (Id.). The Arbitrator concluded that a discount was appropriate based on excessive billable time and because Claimant did not prevail on all of his claims, namely, his request for liquidated damages and waiting time penalties. (Id.). The Arbitrator did not increase the award with a multiplier because Claimant achieved limited success. (Id.)

The Court awarded $6,862.36 in costs after reducing certain expenses related to both "Pre-Demand" proceedings and those directly attributed to the arbitration. (Donahoo ¶29).

## C. THE ARBITRATOR'S RULING IS CONSISTENT WITH OTHER ARBITRATORS' RULINGS ON THE SAME LIABILITY ISSUE

As set forth in the Arbitrator's written rulings, the Arbitrator applied the law appropriately. Other arbitrators adjudicating the same issue- whether Nabors' work was covered by the Prevailing Wage Law ("PWL")- independently and uniformly have come to the same conclusion in other arbitrations. Currently, including Plaintiff, twenty-seven 27 former Nabors workers on the subject project are proceeding in JAMS arbitration, each on an individual basis with an independent arbitrator. The workers are represented by the Donahoo firm. (Donahoo ¶30)

Since proceeding to arbitration on Plaintiffs' individual claims, other arbitrators who have ruled on the liability issue in other arbitrations have uniformly found liability against Nabors and in plaintiffs' favor, concluding that the work performed by Nabors was covered by the PWL. (Donahoo ¶¶31-40, **Exhibits J – Q**).

## III. THE COURT SHOULD CONFIRM THE FINAL AWARD AND ENTER JUDGMENT

Section 9 of the FAA governs confirmation of arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

"Review of an arbitration award itself is 'both limited and highly deferential.'" *DeMartini v. Johns*, 693 F. App'x 534, 436 (9th Cir. June 7, 2017) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). A district court will set aside an arbitrator's decision "only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

Section 10 provides a district court may vacate an arbitration award under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or,
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a)(1) – (4).

"The [] grounds [in § 10] afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp v. Prudential-Bache Trade Serv. Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc). These grounds are "the exclusive means by which a court reviewing an arbitration award under the FAA may grant vacatur of a final arbitration award." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012) (citing *Kyocera*, 34 F.3d 987 (9th Cir. 2003) and *Hall St. Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008)). An arbitrator exceeds her power not by merely interpreting or applying the governing law incorrectly, but when the award is "completely irrational, or exhibits a manifest disregard of law." *Kyocera*, 341 F.3d at 997. To vacate an arbitration award for manifest disregard of the law, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995).

Section 11 provides that a district court may modify or correct an arbitration award under the following circumstances:

(a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

(b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;

(c) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a) – (c).

These three provisions, §§ 9-11, "substantiat[e] a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs.*, 552 U.S. at 588. "Any other reading opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration

merely the prelude to a more cumbersome and time-consuming judicial review process … and bring arbitration theory to grief in post arbitration process." *Id.* "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard [and] a court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (citations omitted).

Here, the Court should confirm the Final Award as this petition satisfies the requirements of section 9. The Arbitration Agreement was determined by the Ninth Circuit to be binding and enforceable between the parties. (Donahoo ¶12). The Final Award issued on May 3, 2021 is detailed and properly supported. This Petition is made within one (1) year of the date that the Final Award was issued.

Furthermore, this is the appropriate court to confirm the Final Award and enter judgment for Plaintiff. This Court adjudicated the arbitrability of the Arbitration Agreement at issue and enforced it. The Arbitration Agreement does not specify the court designated to enter judgment confirming the Award. The Arbitration Agreement, Paragraph 31(D) provides that "Parties to these Rules shall be deemed to have consented that judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction of the Parties" *See* Donahoo ¶13, Exhibit C, p. 38. Section 9 permits this petition to "be made to the United States court in and for the district within which such award was made." (Id.) The matter was heard in Orange County before Arbitrator Joel M. Grossman, Esq. and issued from the JAMS Orange County office. Since the award was entered in the district in which this Court resides, this Court may confirm the Final Award. Finally, the Final Award should also be confirmed because there are no grounds to vacate, modify, or correct the award under sections 10 and 11 of the Federal Arbitration Act.

## IV. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES INCURRED IN PREPARING THE INSTANT PETITION

Plaintiff has incurred more than $4,200 in reasonable attorneys' fees in connection with preparing this Petition. (Donahoo ¶¶41-42) This amount is recoverable pursuant to California Labor Code Section 1194(a) and 226(e).

Plaintiff's First Cause of Action for Failure to Pay Prevailing Wages is brought under Labor Code §§1194, 1771 and 1774. (Demand and Claim for Arbitration, ("Complaint") p. 1). Claimant's Third Cause of Action for Failure to Provide Accurate Itemized Wage Statement under Labor Code §226(a) prayed for "penalties and/or actual damages pursuant to Labor Code §226(e) for violation of Labor Code §226(a)." (Complaint, p. 11). Claimant further prayed for "[a]n award of attorneys' fees under Labor Code §1194 . . . and/or other applicable state laws."

Labor Code Section 1194(a) provides:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

The California Supreme Court has confirmed the right of plaintiffs to recover one-way attorneys' fees for prevailing wage claims under §1194(a). *Kirby v. Immoos Fire Protection, Inc.*, (2012) 53 Cal. 4th 1244, 1252.

"Arbitration agreements are governed by their own attorney fees and costs provisions. But in employment dispute matters involving statutory claims, an employee's statutory rights to attorney fees and costs are not waived or forfeited, but rather are inferred in the arbitration agreement." (*Ling v. P.F. Chang's China Bistro, Inc.*, (2016) 245 Cal. App. 4th 1242, 1254, citing, *Armendariz v. Foundation Health Psychcare Services, Inc.*

(2000) 24 Cal.4th 83, 106 (*Armendariz*); *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1086].)

The Arbitrator in its ruling issued on December 14, 2020 and determined that Plaintiff is entitled to reasonable attorney's fees and costs based on Cal. Labor Code §§ 1194(a) and 226(e). *See* Exhibit H, p. 14. This ruling provided the basis for Plaintiff's request for attorneys' fees and which were eventually awarded in part by the Arbitrator on May 3, 2021. *See* Exhibit I.

Plaintiff has incurred more than $4,200 in attorneys' fees preparing this petition. (Donahoo, ¶42). This amount is based on reasonable hours expended and does not include the expected costs of replying to any opposition or attending the hearing. (Id.) Should Nabors file a motion to vacate or modify the award, Plaintiffs will seek additional fees associated with litigating that motion.

## V. CONCLUSION

For the foregoing reasons, Smith respectfully requests that this Court:

1. Issue an Order confirming the Final Award;

2. Award post-Arbitration attorneys' fees in connection with the instant motion in an amount of at least $4,200, according to proof at time of hearing;

3. Enter judgment in favor of Tim Smith and against Nabors in the amount of $207,660.43 in wages, $157,549.20 in statutory interest thru October 19, 2020, and continuing at $59.89 per day, $4,000.00 in statutory penalties under California Labor Code § 226(e), $304,534.80 in attorneys' fees, plus attorneys' fees awarded for the confirmation proceedings, and $6,862.36 in costs;

///
///
///
///
///
///

4. Any such further relief as the Court deems just and proper under the circumstances.

                                                Respectfully Submitted,

Dated: May 12, 2021        DONAHOO & ASSOCIATES, PC

                                      By:  /s/ *Richard E. Donahoo*_____
                                                    Richard E. Donahoo
                                                    Sarah L. Kokonas
                                                    Attorneys for Tim Smith

## **CERTIFICATE OF SERVICE**

I, Amy Duncan, employed at Donahoo & Associates, PC, counsel for Plaintiff, hereby certify that on May 12, 2021, a copy of the foregoing **PLAINTIFF TIM SMITH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM FINAL ARBITRATION AWARD, FOR FURTHER ATTORNEYS' FEES AND COSTS, AND TO ENTER JUDGMENT AGAINST NABORS COMPLETION & PRODUCTION SERVICES CO. N/K/A C&J WELL SERVICES, INC.** was served on the following counsel of record by email:

Dated this 12th day of May 2021.

David Clark
Tamara I. Devitt
Matthew E. Costello
HAYNES AND BOONE, LLP
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
(949) 202-3000
(949) 202-3001
David.Clark@haynesboone.com
Tamara.Devitt@haynesboone.com
Matthew.Costello@haynesboone.com

/s/ Amy Duncan

Amy Duncan