UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRANDYN RIDGEWAY et al., | ) | Case No. 15-cv-3436-DDP-JPR |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING PLAINTIFF** |
| | ) | **BRANDYN RIDGEWAY'S** |
| v. | ) | **PETITION TO CONFIRM FINAL** |
| | ) | **ARBITRATION AWARD AND** |
| NABORS COMPLETION & | ) | **DENYING REQUEST FOR** |
| PRODUCTION SERVICES CO., et al. | ) | **FURTHER ATTORNEYS' FEES** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Presently before the court is Plaintiff Brandyn Ridgeway's ("Ridgeway") Petition to Confirm Final Arbitration Award and for Further Attorneys' Fees and Costs, and to Enter Judgment Against Defendant Nabors Completion Production Services Co. ("Nabors"). (Dkt. 138, Petition.) Having considered the parties' submissions and heard oral argument, the court grants the Petition to Confirm Arbitration and to Enter Judgment and denies Ridgeway's Request for further Attorneys' Fees and Costs.

///

**I. BACKGROUND**

The court assumes the parties' familiarity with the background of this action which has been recounted in prior Orders. (*See* Dkts. 49, 109, 133.) As relevant here, on February 13, 2018, the Ninth Circuit reversed and remanded this court's order denying Nabors' motion to compel arbitration. (Dkt. 93.) On July 23, 2018, pursuant to the Ninth Circuit's instructions on remand, this court enforced the parties' arbitration agreement and dismissed Ridgeway's individual claims against Nabors to proceed in arbitration.[1] (Dkt. 109.) On July 27, 2019, Ridgeway submitted a Demand for Arbitration to JAMS. (Dkt. 138-2, Richard Donahoo Decl., Ex. C.) Thereafter, the Hon. Rex Heesman (Ret.) was appointed as arbitrator ("Arbitrator"). (*Id.*, Ex. R.)

On August 10, 2020, the Arbitrator granted Ridgeway's motion for summary judgment or adjudication. (*Id.*, Ex. E.) On October 21, 2020, the Arbitrator issued a ruling on damages awarding Ridgeway $105,034.86 in wages, $74,441.89 in prejudgment interest through October 14, 2020, and continuing at $28.78 per day, and $2,850.00 in statutory penalties under California Labor Code §226(e). (*Id.*, Ex. F.) On April 2, 2021, the Arbitrator awarded Ridgeway $779,260 in attorneys' fees and $18,243.19 in costs. ((*Id.*, Ex. H.) On April 19, 2021, the Arbitrator entered a Final Award consolidating his prior monetary rulings ("Arbitration Award"). (*Id.*, Ex. I.)

Ridgeway now Petitions to confirm the Final Arbitration Award and requests additional attorneys' fees in the amount of $19,600 for preparing the instant Petition. (Pet.; Dkt. 144, Reply.) Nabors filed an Opposition and Request to Vacate the Final Arbitration Award.[2] (Dkt. 142, Opp.)

---

[1] Plaintiff Tim Smith was also a named plaintiff and the court also dismissed his individual claims to proceed to arbitration. (*See* dkt. 1, dkt. 109.)

[2] Ridgeway argues that the court should not consider Nabors' request to vacate the final arbitration award because Nabors failed to comply with Local Rule 6-1. (Dkt. 144, Reply.) The local rule requires that "every motion shall be presented by written notice of

2

## II. LEGAL STANDARD

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The grounds for vacating an arbitration award are "limited" and "exclusive." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Id.*

As relevant here, Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10. Arbitrators "exceed their powers" "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." *Id.* at 997 (internal quotations omitted) (citations omitted). "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)).

///
///

---

motion[,] [t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing . . . ." L.R. 6-1. The court agrees that Nabors failed to comply with the local rule, however, in the interest of judicial efficiency, and having been fully briefed on the issues, the court resolves Nabors' request to vacate the Arbitration Award on the merits.

3

### III. DISCUSSION

#### A. Arbitration Award

Nabors contends that the Arbitrator exhibited a manifest disregard of the law through several alleged errors on the issues of liability, damages, and attorneys' fees and costs. (Opp. at 1-2.) Nabors appears to acknowledge that individually, the errors it identifies "may not overcome the deference owed to the Arbitrator's decision," but urges the court to consider the alleged errors collectively to find that the Arbitration Award is a manifest disregard of the law. (*Id.* at 2.) Even if considered collectively, however, Nabors fails to identify any instances in the record where the Arbitrator "recognized the applicable law and then ignored it." *See Biller*, 668 F.3d at 665. Instead, Nabors' arguments for vacating the Arbitration Award are based on the Arbitrator's misinterpretation or misapplication of the law. (*See* Opp. at 11 ("the Arbitrator's rejection of, and failure to give deference to, the Labor Commissioner reflects a manifest disregard of the law 'according great weight and respect' the 'construction of the statute by the agency charged with administering the statute.'"; Opp. at 12 (arguing that 14 Cal. Code Regs. § 1684.1 has "no bearing at all on whether the [ ] Project as covered work."; Opp. at 13-14 (arguing that the Public Works Law "cannot be enforced when there is no prevailing wage classification applicable to the subject work").) Such legal and factual errors are insufficient to vacate the Arbitration Award. "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4)." *Kyocera*, 341 F.3d at 1003. Finding no manifest disregard of the law exhibited in the Arbitration Award, the court declines to vacate the Arbitration Award.

The court grants Ridgeway's Petition to confirm the Arbitration Award.

4

**B. Attorneys' Fees for the Petition to Confirm the Arbitration Award**

In addition to petitioning to confirm the Arbitration Award, Ridgeway requests additional attorneys' fees, not awarded by the Arbitrator, incurred in connection with preparing the Petition and responding to Nabor's request to vacate the award. (Petition at 10-12; Reply at 12-13.) Ridgeway argues that his request is permissible under California Labor Code sections §1194(a) and §226(e). However, a proceeding to confirm an arbitration award under the FAA does not authorize a court to go "beyond confirming an arbitrators' award and independently award additional attorneys' fees." *Hannibal Pictures v. Les Films de l'Elysee*, No. CV 12-6434 CAS JCGX, 2012 WL 6608595, at *2 (C.D. Cal. Dec. 18, 2012). Moreover, here, the parties agreed to arbitrate "all disputes not otherwise settled by the parties." The parties' agreement necessarily includes Ridgeway's claims under California Labor Code sections § 1194(a) and § 226(e) and any attorneys' fees arising from these sections. Therefore, to recover additional attorneys' fees under these statutes, Ridgeway must present his request to the Arbitrator.[3] The court refers Ridgeway's request for additional attorneys' fees to the arbitrator.

**IV. CONCLUSION**

For the reasons stated above, the court grants Ridgeway's Petition to confirm the Arbitration Award, refers Ridgeway's request for additional fees to arbitration, and orders as follows:

---

[3] Ridgeway sought a 2.0 multiplier on the lodestar based, in part, on counsel's anticipated obligation to seek confirmation of the Arbitration Award and judgment. (Dkt. 142-9, Castello Decl., Ex. G, Part 1 at 16.) The Arbitrator denied Ridgeway's request for a multiplier without specifically addressing Ridgeway's argument for attorneys' fees related to confirmation of the Arbitration Award. (*See* Donahoo Decl., Ex. H.) For this additional reason, the court finds that Ridgeway's request should be brought before the Arbitrator.

5

1. The Final JAMS Arbitration Award issued by Arbitrator Hon. Rex Heeseman (Ret.) on April 19, 2021, in the Arbitration JAMS Case No. 1220059952, is confirmed.
2. This court shall enter judgment in favor of Brandyn Ridgeway and against Nabors in the amount of $105,034.86 in wages, $74,441.89 in statutory interest through October 14, 2020, and continuing at $28.78 per day, $2,850.00 in statutory penalties under California Labor Code §226(e), $779,260 in attorneys' fees and $18,243.19 in costs as awarded by the Arbitrator.

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE